GRAVIER'S CURATOR *vs.* HODGE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

Where the vendor promised to cause the general mortgages existing on
certain lots at the time of sale, to be erased and cancelled, and it is
ascertained that they are already extinguished by the probate sale,
and the want of re-inscription for more than ten years, the purchaser
cannot excuse himself from paying the purchase money for want of
the new act of erasure.

When it is shown the mortgages were all previously extinguished by the
probate sale, and for want of a new inscription, the promise to have
them erased from the books of the recorder of mortgages is vain,
without object, and creates no obligation.

EASTERN DIST. So, when judicial or conventional mortgages are extinguished by a
May, 1839. probate sale, or for want of a new inscription, at the end of ten
years, the recorder should *note* them on his books, and not include
them in his certificates as existing.

GRAVIER'S CU-
RATOR
*vs.*
HODGE.

This is an action to recover the amount of two promissory notes, executed by the defendants, A. Hodge, Jr. and William L. Hodge, as drawer and endorser. They were given for part of the price of certain lots sold in 1836, at the probate sale of Jean Gravier's estate, and purchased by the defendants.

The defendants admitted the execution of the notes, but averred that they were given as part of the price of certain lots acquired at the probate sale of Gravier's estate, the condition of which sale was, that the plaintiff, as curator, should cause the general mortgages recorded against the property to be cancelled and erased; and which he has neglected and refused to do, to their great injury and damage. He prays that the sale be rescinded, the money and notes already paid and given, refunded and returned; and that they have judgment for ten thousand dollars in damages.

The evidence shows that the curator bound himself to cause certain general mortgages, existing on the books of the recorder of mortgages, to be cancelled and erased, on or before rendering the account of his curatorship, *and previous to* obtaining his discharge from the Court of Probates.

The curator had rendered several accounts of his administration before this suit was instituted, but has not yet been discharged from his curatorship; nor has he caused the erasure of the mortgages, and insists that he is not bound to do so until the rendition of his final account. The certificate of the recorder of mortgages showed, however, that all these mortgages had been recorded more than *ten* years before the time of instituting this suit, and had not been *re-inscribed.*

The original sale of the lots, for which the notes were given, was by order of the Court of Probates.

The district judge rendered judgment for the plaintiff for the amount of the notes and interest; but directed that no

execution issue until the plaintiff filed the certificate of the
recorder of mortgages, attesting the erasure of the general
mortgages, &c. From this judgment the plaintiff appealed.

L. *Janin* and *Denis*, for the plaintiff.

L. *Peirce*, contra.

*Rost, J.*, delivered the opinion of the court.

The plaintiff seeks to recover from the maker and endorser, the amount of two promissory notes, given in part payment of town lots, purchased by the defendant, A. Hodge, at the probate sale of J. Gravier. The execution of the notes is admitted, but the defendants refuse to pay them, and pray for the rescission of the sale, on the ground that the plaintiff has not caused to be raised certain general mortgages existing upon the lots at the time of the adjudication, agreeably to his express stipulation to that effect.

The District Court gave judgment in favor of the plaintiff, for the sum claimed, with a stay of execution, until the plaintiff shall have filed in the suit a certificate of the recorder of mortgages, attesting the erasure and cancelling of the general mortgages, affecting the lots adjudicated to the defendant, A. Hodge. The plaintiff appealed.

The plaintiff bound himself, in the sale to the defendant, to cause the general mortgages then existing upon the lots to be cancelled and erased from the book of the recorder of mortgages, on or before rendering the account of his curatorship, and before obtaining his discharge from the court.

This undertaking of the plaintiff has not been complied with, although he has rendered his accounts of his administration; but he says that the erasure has become unnecessary, because all the mortgages had been recorded more than ten years, at the inception of this suit, and had ceased to have any effect upon the property sold, agreeably to article 3333 of the Louisiana Code. The last inscription shown by the certificate of the recorder of mortgages was made in

May, 1827, and the citation in this case was served in March, 1838, more than ten years had elapsed, and those mortgages, being judicial mortgages, had ceased to have any effect, for want of a new inscription, when this action was commenced; but there is no doubt that they had all been previously extinguished by the probate sale, as stated by the plaintiff in the sale to the defendants, and that the promise to have them erased from the books of the recorder, was vain, and without object, and may be considered as creating no obligation.  The erasure by the act of the mortgagee would not more effectually have extinguished them than a probate sale, or the want of a new inscription for more than ten years; and when judicial or conventional mortgages are thus extinguished, they should be noted by the recorder, and no longer be included in his certificates.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and proceeding to give such judgment as ought to have been given, it is further ordered and adjudged, that the plaintiff, in his capacity as curator of the estate of Jean Gravier, deceased, recover of Andrew Hodge and William L. Hodge *in solido*, fifteen hundred and twenty-eight dollars seventy-five cents, with interest on fifteen hundred and eighteen dollars seventy-five cents, from the 18th January, 1838, until paid, and costs in both courts.